Citation Nr: 1513887 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 15-09 419 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.

(The issue of entitlement to payment or reimbursement of unauthorized medical expenses incurred as a result of treatment provided a Munroe Regional Hospital on December 15, 2012 is addressed in a separate Board decision).


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

A. Johnson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1969 to November 1971.

This case comes before the Board of Veterans' Appeals (Board) on appeal from June 2013 rating decision by the Department of Veterans Affairs Regional Office (RO) in St. Petersburg, Florida. This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future review of this Veteran's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ).


REMAND

In a June 2013 rating decision, the RO denied entitlement to service connection for bilateral hearing loss and tinnitus. The Veteran submitted a timely Notice of Disagreement regarding these issues in February 2014. Upon review of the Veteran's electronic file, it appears no Statement of the Case addressing these matters has been issued. Accordingly, remand is required to provide the Veteran with a Statement of the Case on these issues. Manlincon v. West, 12 Vet. App. 238, 240-241 (1999). These issues will be returned to the Board after issuance of the Statement of the Case only if perfected by the filing of a timely substantive appeal. See Smallwood v. Brown, 10 Vet. App. 93, 97 (1997).

Accordingly, the case is REMANDED for the following action:

Provide the Veteran with a Statement of the Case as to the issues of service connection for bilateral hearing loss and tinnitus. The RO should also advise the Veteran that he must file a substantive appeal within 60 days. If a timely substantive appeal is not filed, the claims should not be certified to the Board. If appealed, subject to current appellate procedures, the claims should be returned to the Board for further appellate consideration, if appropriate. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
L.M. YASUI
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).